United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE LAMAR DUNBAR, | No. C 19-7703 WHA (PR) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| ALAMEDA COUNTY SHERIFF'S OFFICE; CALIFORNIA FORENSIC MEDICAL GROUP; ARAMARK CORRECTIONAL SERVICES; DEPUTY SMITH; DEPUTY M. SIMON; SERGEANT J. CALEGARI; DEPUTY A. PROCOPIO; DEPUTY R. PEREIRA; DEPUTY HELLFRICK; DEPUTY D. LEON, | |
| Defendants. / | |

## INTRODUCTION

Plaintiff, a California state prisoner, filed this pro se civil rights case under 42 U.S.C. § 1983 alleging that defendants violated his civil rights while he was housed at the Alameda County Jail. The Complaint was dismissed with leave to amend, and plaintiff filed a First Amended Complaint ("FAC"). For the reasons discussed below, the United States Marshall shall serve certain defendants based upon plaintiff's cognizable claims, while the claims against other defendants are dismissed.

## ANALYSIS

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek

redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  LEGAL CLAIMS**

Plaintiff's claims about the unsanitary conditions at the jail against defendants Jones, Smith, Hellfrick, Simon, and Pereira, when liberally construed, state a cognizable claim for the violation of his Fourteenth Amendment right to due process. His claim that defendant Hellfrick retaliated against him for filing complaints, when liberally construed, states a cognizable claim for the violation of his First Amendment right.

2

Plaintiff's claim against defendant Jones for the destruction of property is not cognizable because neither the negligent nor intentional deprivation of property states a due process claim under § 1983 where, as alleged here, state law did not authorize the deprivation. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property)*; see also Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

The claims against defendant Leon for forgery, against defendants Procopio, Formosa, and Calegari for improper handling of grievances, and about unsafe conditions on the yard not connected to any named defendant are not properly joined to the other claims because they are based upon distinct transactions and occurrences and are brought against different defendants. *See* Fed. R. Civ. P. 18, 20. Such claims will be dismissed without prejudice to plaintiff bringing them in a separate action.

Plaintiff names the following additional defendants: the California Forensic Medical Group, the Alameda County Sheriff's Office, Aramark Correctional Services, and the Warden and Deputy Sheriff of Santa Rita County Jail. Plaintiff makes no allegations against these defendants in the FAC, and consequently he has not stated a cognizable claim for relief against them.

**CONCLUSION**

For the reasons set out above, it is hereby ordered as follows:

1. The claims against defendants DeLeon, Procopio, Formosa, and Calegari, and the claims about unsafe conditions on the jail yard, are **DISMISSED** without prejudice.

The claims against defendant Jones for deprivation of property, and the claims against the California Forensic Medical Group, the Alameda County Sheriff's Office, Aramark Correctional Services, and the Warden of Santa Rita County Jail are **DISMISSED**.

3

2. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the First Amended Complaint with all attachments thereto, and a copy of this order upon defendants **Deputy Smith, Deputy M. Simon, Deputy R. Pereira, Deputy K. Jones, and Deputy Hellfrick** at **the Santa Rita County Jail in Santa Rita, California.** A courtesy copy of the First Amended Complaint with attachments and this order shall also be mailed to the Alameda County Counsel's Office.

2. Defendants **shall** file an answer in accordance with the Federal Rules of Civil Procedure.

3. In order to expedite the resolution of this case:

   a. No later than **91 days** from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

   b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

   c. Defendants **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

   d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

   e. Along with his motion, defendants shall file proof that they served plaintiff the *Rand* warning at the same time they served him with their motion. Failure to do so will result in the summary dismissal of their motion.

4. All communications by the plaintiff with the court must be served on defendants, or

4

defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or their counsel.

    5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

    Plaintiff is reminded that state prisoners inmates may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1. Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the court.

    Plaintiff may also use any applicable jail procedures to request copies of (or the opportunity to review) any reports, medical records, or other records maintained by jail officials that are relevant to the claims found cognizable in this Order. Such requests must be made directly to jail officials, not to the court.

    6. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    IT IS SO ORDERED.

Dated: May 15, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.